**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| S.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-cv-392 |
| | ) | |
| DIRTY WORLD, LLC, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| NIK RICHIE AKA "HOOMAN KARAMIAN" | ) | |
| | ) | |
| Via Registered Agent | ) | |
| Corporate Creations Network, Inc. | ) | |
| 3411 Silverside Road | ) | |
| Rodney Building #104 | ) | |
| Wilmington, DE 19810 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**SUGGESTIONS IN SUPPORT OF MOTION TO SEAL CASE**</u>

COMES NOW, S.C., by and through undersigned counsel, and in support of her Motion

to Seal Case states:

**I. INTRODUCTION AND ARGUMENT**

Plaintiff filed a complaint with this Court on April 14, 2011 stating she was the victim of

defamation, intentional infliction of emotional distress, false light invasion of privacy and

publication of private facts at the hands of Defendants.  The litigation involves matters that are

highly personal, private, and sensitive.  At the time of filing, due to the nature of the suit,

Plaintiff was very concerned about the facts of the case and the false statements becoming more

public than they already were and wished to file using only her initials to protect her privacy.

As background, Defendants own and operate a website located at "www.thedirty.com."

1

This website markets itself as the world's first "reality blogger." On January 24th, 2011 Defendant's published a photograph of Plaintiff along with defamatory statements provided by a third party that contained private, embarrassing and false information about a purported relationship Plaintiff had been involved in and that attacked her faith, integrity, and character. The statements published were highly offensive and salacious and contained private and sensitive information. Further, along with the photograph (that was taken from her work's website) the Defendants also published her name, city of residence, and occupation. Additionally, Defendants posted the defamatory statements under a derogatory heading and added their own defamatory comments about Plaintiff's photograph.

Plaintiff respectfully requests this Court enter an Order pursuant to Federal Rules of Civil Procedure 5.2 placing this case and all past and future pleadings under seal. Plaintiff has already suffered damage to her reputation and good standing in the community as a result of the defamatory information published by Defendants. The statements were removed from the website on the day Plaintiff filed her complaint, and it would not serve public interest to place the facts of the case and information contained in future pleadings back in the public eye.

Plaintiff has already suffered extreme embarrassment and damage to her reputation and standing in the community by the defamatory statements published by Defendants. She has been recognized out in the community by the derogatory heading the statement was posted under. She has feared for her safety because the post not only contained her photograph, but also her name and city of residence. Any exhibit provided by Plaintiff containing the defamatory statements would also contain this information and photograph.

Further, Plaintiff is particular vulnerable to harms of future disclosure. Plaintiff works in communications for a religious organization and as such her name and reputation are

invaluable to her position and marketability. The nature of her employment places future disclosures of personal and sensitive employment under heightened scrutiny by the public and especially her employer. The private and personal facts of this case remaining a matter of public record would only serve to allow Plaintiff to continue to suffer further embarrassment and damage to her reputation.

The public interest would not be furthered by requiring this matter to remain open to public viewing. There is no reasonable public interest served in allowing embarrassing and private facts about a victim and the actions perpetrated on that victim to be available to the public. In the alternative, any public interest that may be served by not sealing this case would certainly be outweighed by the prospect of further invasion of Plaintiff's privacy and future disclosure of information of such a personal and sensitive nature. Additionally, Defendants would suffer no prejudice from placing this case under seal.

An Order placing this case under seal would be proper based on the strong interest in preventing future damage to Plaintiff's reputation and standing and in keeping embarrassing, sensitive, and private facts of a victim's case out of the public arena.

**II. CONCLUSION**

Pursuant to Federal Rule of Civil Procedure 5.2 and for reasons stated herein, Plaintiff requests that this case be placed under seal.

Respectfully submitted,
THE O'CONNOR LAW FIRM, P.C.


By:    /s/ Matthew J. O'Connor
Matthew J. O'Connor, MO#41834
Bradly H. Bergman, MO #60497
Mid-America Trial Lawyers
523 Grand, Suite 1B

3

Kansas City, Missouri  64106
Telephone: (816) 842-1111
Facsimile: (816) 842-3322
mjoc@workingforjustice.com
bhb@workingforjustice.com
ATTORNEYS FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on <u>4/25/11</u> I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed and served via certified mail, return receipt requested the document to the following non CM/ECF participants:
.
Dirty World, LLC
Via registered agent:
Corporate Creations Network, Inc.
3411 Silverside Road
Rodney Building #104
Wilmington, DE 19810

And

upon information and belief, Defendant Dirty World's and Defendant Richie's Attorney
David Gingras
Gingras Law Office, PLLC
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048

And

Nik Richie aka Hooman Karamian
7137 E. Rancho Vista Dr.
Unit 4007
Scottsdale, AZ 85251

/s/ Matthew J. O'Connor_____
Matthew J. O'Connor

4