IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| S.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DIRTY WORLD, LLC, a Delaware limited liability company, | ) Case No: 4:11-cv-392 |
| | ) |
| and | ) |
| | ) |
| NIK RICHIE, an individual, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, DIRTY WORLD, LLC ("Dirty World") and NIK LAMAS-RICHIE ("Richie") (collectively "Defendants"), answer Plaintiff S.C.'s ("Plaintiff") Complaint as follows:

1. Defendants lack knowledge of the truth of the allegations in ¶1 and, therefore, deny same.

2. Admit.

3. Admit that Richie is a natural person and frequent contributor and editor of the website www.thedirty.com, but deny the remaining allegations of ¶3.

4. Admit.

5. Deny.

6. Deny.

## STATEMENT OF FACTS

7. Defendants lack knowledge of the truth of the allegations in ¶7 and, therefore, deny same.

8. Defendants admit that www.thedirty.com is an interactive website which allows third-parties to submit material on any topic whatsoever, which can be viewed from any device with an Internet connection, but deny the remaining allegations of ¶8.

9. Admit.

10. Admit that users in any state may view the website and submit material to the website in any category selected by the user, but deny the remaining allegations of ¶10.

11. Admit.

12. Deny.

13. Deny.

14. Admit that Richie sometimes posts comments in response to third-party submissions, including posts in a category called "Would You?", but deny the remaining allegations of ¶14.

15. Defendants lack knowledge of the truth of the allegations in ¶15 and, therefore, deny same.

16. Admit that a posting entitled "Nasty Church Girl" was posted on the website on January 24, 2011, which includes the text quoted in ¶16 of the Complaint, but deny the remaining allegations of ¶16.

17. Admit that Richie expressed an opinion about Plaintiff's appearance which stated: "Her gumlines as big as her teeth, that's amazing – nik." Defendants deny the remaining allegations of ¶17.

18. Defendants lack knowledge of the truth of the allegations in ¶18 and, therefore, deny same.

19. Defendants lack knowledge of the truth of the allegations in ¶19 and, therefore, deny same.

20. Defendants lack knowledge of the truth of the allegations in ¶20 and, therefore, deny same.

21. Deny that Defendants' alleged actions were defamatory, but admit the remaining allegations in ¶21.

22. Admit.

23. Admit.

## COUNT I- DEFAMATION THROUGH LIBEL

24. Defendants re-allege all previous answers to Plaintiff's Complaint as if set forth fully herein.

25. Admit.

26. Defendants lack knowledge of the truth of the allegations in ¶26 and, therefore, deny same.

27. Admit the first sentence of ¶27, but defendants lack knowledge of the truth of the remaining allegations in ¶27 and, therefore, deny the same.

28. Defendants lack knowledge of the truth of the allegations in ¶28 and, therefore, deny same.

29. Deny.

30. Deny.

## COUNT II- PUBLIC DISCLOSURE OF PRIVATE FACTS

31. Defendants re-allege all previous answers to Plaintiff's Complaint as if set forth fully herein.

32. Admit.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

## COUNT III- FALSE LIGHT INVASION OF PRIVACY

37. Defendants re-allege all previous answers to Plaintiff's Complaint as if set forth fully herein.

38. Deny.

39. Admit that Richie expressed an opinion about Plaintiff's appearance which stated: "Her gumlines as big as her teeth, that's amazing – nik." Defendants deny the remaining allegations of ¶39.

40. Deny.

41. Deny.

42. Deny.

## COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Defendants re-allege all previous answers to Plaintiff's Complaint as if set forth fully herein.

44. Deny.

45. Deny.

46. Deny.

## GENERAL DENIAL

Defendants generally deny each and every allegation of Plaintiff's Complaint except as otherwise expressly admitted herein.

## JURY DEMAND

Defendants demand a trial by jury as to all matters so triable.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Claim)

Without acknowledging that such is an affirmative defense, as opposed to an affirmative element of Plaintiff's case, the Complaint fails to state any claim upon which relief may be granted because, *inter alia*, Defendants may not be treated as the publisher of any of the statements at issue in this matter pursuant to the Communications Decency Act, 47 U.S.C. § 230(c)(1).

### SECOND AFFIRMATIVE DEFENSE

(Truth)

Any claims set forth in the Complaint are barred to the extent that the statements, which form the basis for such claims, are, in fact, true.

### THIRD AFFIRMATIVE DEFENSE

(Digital Millennium Copyright Act; 17 U.S.C. § 512(c))

Any claims set forth in the Complaint are barred by 17 U.S.C. § 512(c)(1) to the extent

that Plaintiff is seeking damages for the unauthorized copying, display, or distribution of a copyrighted work without having provided the notice required by 17 U.S.C. § 512(c)(3) to Defendants' designated agent.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants pray for the following relief:

A. Dismissal of Plaintiff's Complaint with prejudice and order that Plaintiff take nothing thereby;

B. Deny, with prejudice, all equitable, injunctive, and/or declaratory relief in any form requested by Plaintiff;

C. Award Defendants their reasonable attorney's fees and costs incurred pursuant to Fed. R. Civ. P. 11, 28 U.S.C. §1927 and/or the Court's inherent authority; and

D. Any other relief deemed appropriate by the Court.

ARMSTRONG TEASDALE LLP

BY *s/ Darren K. Sharp*
Darren K. Sharp            MO #50841
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108
816.221.3420
816.221.0786 (facsimile)
dsharp@armstrongteasdale.com

AND

GINGRAS LAW OFFICE, PLLC
David S. Gingras (to be admitted *pro hac vice*)
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048
Tel.: (480) 668-3623
Fax: (480) 248-3196
DAVID@GINGRASLAW.COM

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served via the Court's ECF system and via Regular U.S. Mail this 17th ay of May, 2011 to:

Matthew J. O'Connor, Esq.
Bradly H. Bergman, Esq.
Mid-America Trial Lawyers
523 Grand Blvd., Suite 1B
Kansas City, Missouri 64106
mjoc@workingforjustice.com
bhb@workingforjustice.com

**Attorneys for Plaintiff**

*s/ Darren K. Sharp*
Attorney for Defendants