IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| S.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DIRTY WORLD, LLC, a Delaware limited liability company, | ) ) Case No: 4:11-cv-392 |
| | ) |
| and | ) |
| | ) |
| NIK RICHIE, an individual, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S
MOTION TO SEAL CASE**

Defendants, by and through counsel, and in opposition to Plaintiff's Motion to Seal Case, state as follows:

**I.  INTRODUCTION**

This is a simple defamation action in which Plaintiff "S.C." is attempting to hold the Defendants DIRTY WORLD, LLC and NIK RICHIE (who operate an interactive website) liable for allegedly defamatory material posted on the Defendants' website by a third party.[1] According to her Complaint (Doc. #1), Plaintiff was defamed by a web posting entitled "Nasty Church Girl" which stated that she had "nasty ass horse teeth …". Compl. ¶16. Plaintiff also alleges that she was defamed by statements calling her a "slut" and which accused her of having

---

[1] As this Court previously determined in *Johnson v. Arden,* Case No. 5:08-CV-6103-DW, *aff'd*, 614 F.3d 785 (8th Cir. 2010), Plaintiff's legal theory is expressly contrary to the Communications Decency Act, 47 U.S.C. § 230(c)(1), which prohibits plaintiffs from imposing liability on website hosts for material authored by a third-party.

a relationship with another woman's boyfriend.  *See* Compl. ¶16.  Due to the nature of these statements, Plaintiff seeks an order sealing this entire case pursuant to Fed. R. Civ. P. 5.2.[2]

## II. ARGUMENT

Plaintiff's motion is without merit and should be denied for two primary reasons.  First, Plaintiff's request to conceal the very *fact* of this action is in direct conflict with the public's strong interest in preserving an open and transparent court system; "the courts of the United States recognize 'a general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kaminsky v. Missouri*, No. 4:07-CV-1213, 2007 WL 2226051 at *1 (E.D. Mo., July 31, 2007) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).

Second, to the extent that courts have agreed limited exceptions should be made in special cases, *see Nixon*, 435 U.S. at 59 (recognizing the "right to inspect and copy judicial records is not absolute[]"), Plaintiff has failed to demonstrate that this matter is so unique or that it involves such highly sensitive material as to justify sealing the entire record.  In fact, Plaintiff fails to recognize or even address the extremely weighty burden applicable to her request: "<u>A party seeking closure or sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling *government interest*</u>."  *SEC v. Shanahan*, No. 4:06-MC-546, 2006 WL 3330972 at *3 (E.D. Mo., Nov. 15, 2006) (emphasis added) (citing *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004)); *see also, In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (explaining "[O]nly the most compelling reasons can justify non-disclosure of judicial records.")

---

[2] Federal Rule of Civil Procedure 5.2 only provides authority for sealing documents containing social security numbers, taxpayer identification numbers, minors' names, birthdates, and financial account numbers.  None is applicable here.

Here, the only basis for Plaintiff's motion is the avoidance of *additional* personal embarrassment beyond that already allegedly caused by the original publication of the website post. However sincere this argument may be, it is *per se* insufficient to justify such extreme relief as sealing the entire record. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Shanahan*, 2006 WL 3330972 at *4 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

Moreover, Plaintiff's own pleadings allege that the website post was already widely disseminated and, as such, any harm allegedly caused by the website post has already occurred and would, therefore, not be mitigated by the relief she seeks. For instance, Plaintiff alleges that she "has been recognized and referred to as 'nasty church girl' by members of the community since the time of the posting[]", Compl. ¶19, and that "<u>Plaintiff's friends and members of the community, including co-workers at her place of employment, have viewed and circulated the defamatory post and comments</u>." Compl. ¶20 (emphasis added). Obviously, sealing the Court's record will not prevent Plaintiff's friends and members of her community from further discussing the website posting or even circulating additional copies of it. Given that the post at issue has already been widely disseminated, Plaintiff cannot "un-ring" the bell by asking this Court to take the dramatic step of sealing the entire record in this case.

At best, Plaintiff's request is best understood as an effort to keep her real name out of public view (despite the fact that Plaintiff's true name is hardly a secret – it was contained in the original website post). While understandable to a degree, having made the decision to invoke this Court's authority to obtain millions of dollars in damages from Defendants, Plaintiff's desire to keep her name a secret is simply not a valid basis for her motion. *See Shanahan*, 2006 WL

3330972 at *4 (denying request to seal record because "respondent's interest in keeping their names out of the public record is not a governmental interest at all, but rather a private interest.")

Finally, it is worth noting that Plaintiff's suggestion that Defendants would not be prejudiced by her request is entirely incorrect. Plaintiff made the decision to file this action using Defendants' true identities, and she has used this forum as a platform to make outrageous allegations against Defendants which are patently false.

Plaintiff cannot have it both ways – she cannot use the public forum of this Court to sling false and fabricated claims against Defendants while simultaneously shrouding herself in a veil of Court-appointed secrecy. Defendants have a right to publicly respond to Plaintiff's untrue allegations, and they have a right to publicly vindicate themselves from Plaintiff's false statements. Granting Plaintiff's request will do virtually nothing to undo the harm already caused by the posting, and it will severely interfere with Defendants' right to vindicate themselves.

### III.   CONCLUSION

For the reasons stated herein, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Seal Case.

ARMSTRONG TEASDALE LLP

BY: *s/ Darren K. Sharp*
Darren K. Sharp           MO #50841
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108
816.221.3420
816.221.0786 (facsimile)
dsharp@armstrongteasdale.com

4

AND

GINGRAS LAW OFFICE, PLLC
David S. Gingras (to be admitted *pro hac vice*)
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048
Tel.: (480) 668-3623
Fax: (480) 248-3196
DAVID@GINGRASLAW.COM

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via the Court's ECF system and via Regular U.S. Mail this 17th day of May, 2011 to:

Matthew J. O'Connor, Esq.
Bradly H. Bergman, Esq.
Mid-America Trial Lawyers
523 Grand Blvd., Suite 1B
Kansas City, Missouri 64106
mjoc@workingforjustice.com
bhb@workingforjustice.com

**Attorneys for Plaintiff**

*s/ Darren K. Sharp*
Attorney for Defendants