IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| S.C., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-cv-392 |
| DIRTY WORLD, LLC, | ) |
| And | ) |
| NIK RICHIE AKA "HOOMAN KARAMIAN" | ) |
| Defendants. | ) |

**REPLY SUGGESTIONS IN SUPPORT OF MOTION TO SEAL CASE**

Plaintiff, by and through counsel, and in reply to Defendants' Suggestions in Opposition to Plaintiff's Motion to Seal Case, states as follows:

**I.  FACTS**

This case arises out of defamatory statements about Plaintiff authored and published by Defendants' website, www.thedirty.com. The post was entitled "Nasty Church Girl" and made false and salacious statements about Plaintiff's character, chastity, appearance, and faith. Plaintiff subsequently filed this action claiming defamation, public disclosure of private facts, false light invasion of privacy, and intentional infliction of emotional distress. Due to the sensitive and unique nature of the statements and suit, Plaintiff filed a Motion to Seal Case and Suggestions in Support of said motion. In response, Defendants filed their Suggestions in Opposition to Plaintiff's motion, claiming Plaintiff's case does not meet the necessary burden to

1

overcome the public's common law right to access of judicial files.

## II. ARGUMENT

Plaintiff's motion to place her case under seal should be granted as a compelling governmental interest in sealing the record exists. As the Defendants readily point out, the Supreme Court has recognized that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597 (1978). However, as Judge Bowman of the U.S. 8th Circuit Court of Appeals stated in *Goff v. Graves*, echoing the Court in *Nixon*, "any right of access to records from civil proceedings, if it exists (a question we have never decided), is not absolute." *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir., 2004) quoting *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co*., 898 F.2d 1371, 1376 (8th Cir. 1990).

A compelling governmental interest overcomes the common law right of access. *Goff v. Graves* at 550. The trial court may determine whether compelling governmental interests exist to seal a case and, it must be noted, the 8th Circuit Court of Appeals has stated that it does not start analysis of this issue with a strong presumption of access to records, but rather with deference to the trial courts' discretion based on the facts and circumstances of particular cases. *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co*., 898 F.2d 1371, 1376 (8th Cir. 1990). In *Nixon*, the Court indicated that the common law right to access may be denied where court files might become a vehicle for improper purposes. For example, the right to access may be overcome in situations where records may be used to gratify private spite, promote public scandal or serve as a reservoir for libelous statements. *Nixon v. Warner Communications, Inc*. at 598.

Here, a compelling governmental interest in sealing the case certainly exists because of the nature of the statements and evidence sought to be sealed and the danger that the records

could be used for improper purposes. First, keeping the records open to the public would serve no legitimate public interest and would only serve to keep the salacious and defamatory statements in the public eye for consumption by anyone, including the press. The offending posts have been removed from the website and allowing them to live on within the pleadings and record would only cause further harm. The general right to inspect and copy public records exists in common law for policy purposes such as the "public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). No such interest exists specifically in this case, and even if it did, it would outweigh neither the governmental interest in sealing the records nor Plaintiff's interest in privacy.

Second, there exists a strong likelihood that records in this case will be used to gratify Defendants' private spite. Defendants have an affinity for posting pleadings directed to them, or legal demand letters sent to them, on their website and making outlandish and derogatory comments about the pleadings. (See attached Plaintiff's Exhibit A) These postings are made in retribution for action taken against Defendants and are an attempt to humiliate the opposing party and counsel. The postings contain phrases such as "I apologize for my lawyer Cochran Kardashian shitting on you…It happens. BOOM![1]" (See attached Plaintiff's Exhibit B) In fact, Defendants' counsel has already posted the initial demand letter and attachments, including emails from Plaintiff to www.thedirty.com, that Plaintiff's counsel sent to him on a website located at www.scribd.com. Counsel's act has given rise to a cause of action and Plaintiff plans on now amending her petition to include him as a Defendant. Moreover, the third party who helped author the defamatory statement has a history of harassing Plaintiff and has previously disseminated the statement to some of her co-workers. There is a strong likelihood that she

---

[1] This is not the word choice of the Plaintiff, but a direct quote from the Defendants in a post on their website located at http://thedirty.com/2010/05/sorry-tess-taylors-mom-the-drug-pictures-are-not-coming-down/.

3

could use the court files for nefarious purposes as well. Judging from past behavior and the current actions of Defendants and Defendants' counsel, if this case is not sealed, there is a real danger of the pleadings and records in this case will be used to gratify Defendants' private spite in a public and scandalous manner.

Further, the government has a compelling interest in preventing the circulation of private speech not protected by the Constitution, such as defamatory speech. There is no question the statements in question are of a defamatory nature, and should not be held for public consumption. Defendants claim that because this speech has already occurred and caused personal embarrassment, that any future potential embarrassment caused by the record remaining open to the public is insufficient to justify sealing the entire record. (Defendants' Suggestion in Opposition at pg. 3). While Defendants, despite the fact that it is not controlling law, cite in their Suggestions in Opposition to an 8th Circuit Court memorandum and order in *SEC v. Shanahan*, No. 4:06-MC-546, 2006 WL 3330972 at *3 (E.D. Mo., Nov. 15, 2006) that quotes a 9th circuit opinion, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), to support the argument, it fails for two reasons. First, the scope of the harm Plaintiff seeks to avoid by having this case sealed is not mere future embarrassment. Yes, obviously Plaintiff, as anyone would, would like to keep her name out of the public view, but the potential harm goes past embarrassment. Plaintiff stands to be forever stigmatized by these defamatory statements, which the original posting would necessarily become part of the record and includes Plaintiff's name, picture, and city of residence, and if the statements somehow made it into the press, there is no telling how long it may follow her. Plaintiff works in communications for a religious organization and her current employer, and potential future employers, could very well discriminate against her because of the defamatory statements, especially if the statements ended

4

up being used and disseminated by the press. Additionally, Plaintiff has suffered physical and emotional harm because of the defamatory statements, having lost sleep for weeks over the statements and having to seek therapy and psychiatric treatment to help deal with the anxiety attacks and paranoia that were the fallout of the publication of the statements.

The fact that some of her friends and co-workers have already seen the statement does not change this at all. Defendants' argument that it should is specious at best. Simply because some harm has already occurred does not mean that appropriate steps should not be taken to prevent future harm. The offensive posting has been removed, but placing these statements back in the public sphere where any number of new people now and into the future may view the defamatory statements would do nothing but guarantee future harm.

Second, the 8th Circuit has previously ruled that "embarrassment" is enough to justify the sealing of a file in certain circumstances. In the case of protecting minors from the public dissemination of hurtful information, the fact that the minor may be stigmatized and humiliated if the sensitive information in the record is made public is reason enough to seal a file. *Webster Groves School Dist. v. Pulitzer Pub. Co*., at 1377 (Where Pulitzer attempted to open the proceedings in a lawsuit between Webster Groves School District and a handicapped student.) While not completely on point, the scenario of protecting minors against future harm more closely resembles the Plaintiff's case than *Shanahan* which Defendants repeatedly cite to in their Suggestions in Opposition. *Shanahan* concerns the SEC seeking an order requiring compliance with subpoenas it issued to businessmen employees of a company it was investigating. The memorandum and order cited to by Defendants indicate that the record was not sealed in that case because, among other reasons, the Court found the SEC was not acting with an improper purpose, as their characterization of the respondents as "recalcitrant or disobedient" conformed

5

with the statutory language governing SEC subpoena enforcement. *Shanahan*, No. 4:06-MC-546, 2006 WL 3330972 at *4 (E.D. Mo., Nov. 15, 2006). Defendants' reliance on *Shanahan* here is misplaced.

Finally, Defendants certainly have the right to respond, but to suggest that their right to be "publically vindicated" outweighs the government's compelling interest in sealing this record or Plaintiff's right to be protected from future harm by the improper use of the court files is fallacious. No prejudice can come to Defendants by having the record reflecting the defamatory and salacious nature of statements their website actively solicits, authors, and publishes sealed from public view.

## III. CONCLUSION

For the reasons stated herein, and enumerated in Plaintiff's Suggestions in Support of her Motion to Seal Case, Plaintiff respectfully requests this Court grant her Motion to Seal Case and any further relief the Court determines is just.

    Respectfully submitted,
    THE O'CONNOR LAW FIRM, P.C.


By: /s/ Matthew J. O'Connor_____
    Matthew J. O'Connor, MO#41834
    Bradly H. Bergman, MO #60497
    Mid-America Trial Lawyers
    523 Grand, Suite 1B
    Kansas City, Missouri 64106
    Telephone: (816) 842-1111
    Facsimile: (816) 842-3322
    mjoc@workingforjustice.com
    bhb@workingforjustice.com
    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

   I hereby certify that on 5/27/11 I a true and accurate copy of the foregoing document was served via the court's ECF system and via First Class U.S. Mail, postage prepaid to:

Darren K. Sharp
Armstrong Teasdale, LLP
2345 Grand Blvd. STE 2000
Kansas City, MO 64108

   And

David S. Gingras
Gingras Law Office, PLLC
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048

**Attorneys for Defendants**

              /s/ Matthew J. O'Connor_____
                Matthew J. O'Connor

7

Case 4:11-cv-00392-DW   Document 15   Filed 05/27/11   Page 7 of 7