IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| S.C., | ) |
| Plaintiff, | ) |
| v. | ) No. 11-CV-392 |
| DIRTY WORLD, LLC, and NIK RICHIE a/k/a HOOMAN KARAMIAN, | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the Plaintiff's Motion to Seal Case (the "Motion"). See Doc. 3. The Plaintiff also filed Suggestions in Support of her Motion. See Doc. 4. The Defendant Dirty World, LLC and Nik Richie (the "Defendants") filed suggestions in opposition (Doc. 10), and the Plaintiff filed a reply brief (Doc. 15). The pending Motion moves the Court to "seal[] this case and all past and future pleadings and exhibits." For the reasons set forth below, the Motion is DENIED.

**I.**

In general, the Plaintiff alleges that the Defendants are the owners and operators of the website found at www.thedirty.com, which allegedly identifies itself as the original "reality blogger." According to the Plaintiff, the Defendants "published a photograph of Plaintiff along with defamatory statements provided by a third party that contained private, embarrassing and false information about a purported relationship Plaintiff had been involved in and that attacked her faith, integrity, and character." In particular, a third party allegedly posted the following on the Defendants' website:

> [T]his nasty bitch [referring to the Plaintiff] who was my 'friend' started fcking [sic] my boyfriend in my bed and bringing her nasty ass horse teeth

around my son trying to play house. This slut claims to be a sweet little
church girl. She even works for the church! Fugly slut! Is this girl worth
having sex with??? I wouldn't think so! LEE'S SUMMIT SLUT!!

Compl. at ¶ 16. The Defendant Nik Richie allegedly responded and stated that "[h]er gumlines as big as her teeth, that's amazing. Id. at ¶ 17. The Plaintiff argues in part that her name and related information should be sealed because she works for a religious organization.

## II.

There is "a common-law right of access to judicial records." Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). This right is "fundamental to a democratic state and serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." Zapp v. Ye Gon, 746 F. Supp. 2d 145, 148 (D.D.C. 2010) (citations and quotations omitted). The decision to seal a file rests within the Court's discretion. Webster Groves Sch. Dist., 898 F.2d at 1376.

In reviewing a request to seal, the public right to access must be weighed against "competing interests." Id. By way of example, the Eighth Circuit has recognized that pubic access to records may be outweighed by "the state's interest in protecting minors from the public dissemination of hurtful information." Id. at 1377. Other courts have similarly recognized that documents containing trade secrets and other proprietary information may be sealed. In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 245 F.R.D. 632, 637 (D. Minn. Oct. 3, 2007).

## III.

Here, the Plaintiff filed her Motion under Federal Rule of Civil Procedure 5.2. Rule 5.2, however, only addresses the filing under seal of particular "filing[s]" and redacting specific information (i.e., social security numbers) . It does not contemplate sealing an entire case, i.e., every

2

single filing and motion.

In addition, the Plaintiff has not demonstrated a compelling enough interest to override the public's right of access to judicial records. The Plaintiff understandably does not want her identity and related information to be disclosed. She is not, however, a minor, and no trade secrets or other proprietary information are at issue. Compare with Webster Groves Sch. Dist., 898 F.2d at 1377 (recognizing "the state's interest in protecting minors from the public dissemination of hurtful information"). Additionally, most (if not all) of the information at issue was already in the public domain from at least January 24, 2011, to April 14, 2011. See Upshaw v. United States, 754 F. Supp. 2d 24, 28 (D.D.C. 2010) ("Previous [public] access is a factor which may weigh in favor of subsequent [public] access.") (citations and quotations omitted). These points weigh heavily against sealing this case.

An improper precedent would also result by sealing this case. A plaintiff would likely want to seal any case alleging defamation, libel, false light, or similar claim. Consequently, granting the Motion here would be tantamount to sealing all future cases alleging any such claim. This result would be unquestionably contrary to our public judicial system. See Webster Groves Sch. Dist., 898 F.2d at 1376 (recognizing the "common-law right of access to judicial records"); see also Martinez v. U-Haul Co., 2001 WL 648637, at * 9 (N.D. Ill. June 6, 2001) (denying motion to file under seal and recognizing in part that "[n]o doubt every party involved in a sexual harassment suit would, if given the chance, prefer to keep many of the details underlying the suit from the public").

## IV.

For the foregoing reasons, it is hereby ORDERED that the Plaintiff's Motion to Seal Case (Doc. 3) is DENIED.

IT IS SO ORDERED.


Date:   June 1, 2011                                          /s/ Dean Whipple
                                                              Dean Whipple
                                                        United States District Judge