| | |
|---|---|
| S.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:11-cv-392 ) |
| DIRTY WORLD, LLC, a Delaware limited liability company, | ) ) ) ) |
| And | ) ) |
| NIK RICHIE, an individual | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff S.C., by and through her attorney Matthew J. O'Connor, for her complaint states as follows:

### NATURE OF THE CAUSE

This is an action for defamation, publication of private facts, false light invasion of privacy and intentional infliction of emotional distress arising out of the Defendants' unauthorized publication and ratification of defamatory statements and embarrassing private facts on a website owned and operated by Defendants located at "www.thedirty.com." As detailed herein, Plaintiff is entitled to compensatory and punitive damages and damages for pain and suffering as a result of Defendants' actions. All events giving rise to Plaintiff's cause of action occurred in Missouri, such that Missouri substantive law applies to Plaintiff's claims. Plaintiff requests a jury decide these claims.

### THE PARTIES

1. Plaintiff is a natural person and is a resident of Lee's Summit, Missouri. Plaintiff wishes not to have her name used due to the nature of the suit.

2. Defendant Dirty World, LLC. ("Dirty World"), at all relevant times herein, is a Delaware limited liability company with its principal place of business in Arizona and maintaining a web site called "www.thedirty.com." The website represents itself to the public as being "the first reality blogger." At all times Dirty World was acting by or through its authorized agent(s), employee(s), representative(s) or owner(s).

3. Defendant Nik Richie aka Hooman Karamian ("Richie"), at all relevant times herein, is a natural person and a citizen of Arizona and is the founder/owner/editor of the website www.thedirty.com and company Dirty World, LLC. Richie is a frequent contributor to the website, posting his own comments about the photographs and statements posted on the website regarding third parties.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action and Defendants pursuant to 28 U.S.C. Sec. 1332 (a)(1) in that the matter in controversy exceeds $75,000 exclusive of costs and interest, and is between citizens of different states.

5. This Court has personal jurisdiction over Defendants as the cause of action arose out of conduct covered by Missouri's long arm statute and Defendants have had sufficient minimal contacts with Missouri to satisfy the requirements of due process. Additionally, Defendants have purposely availed themselves of the benefits and protections of Missouri and have purposefully directed its activities at Missouri residents.

6. Venue is proper pursuant to 28 U.S.C. Sec. 1391 (a)(2) as a substantial part of the

events giving rise to this action occurred in Missouri.

**STATEMENT OF FACTS**

7. Plaintiff is employed as the director of communications for a United Methodist denomination church in Lee's Summit, Jackson County, Missouri.

8. Dirty World and Richie's website permits and encourages the posting of "dirty" photographs and derogatory and defamatory statements about third parties which are then commented on by individuals that have viewed the photographs and information on the website. These statements are directed to "the Dirty Army" and "Nik Richie" and are available to be viewed all over the world via the world wide web.

9. On information and belief, Dirty World and Richie derive revenue from their website from both advertising, which depends on the amount of "hits," or traffic the website gets and whether the users of the websites click on the advertisements placed on the site, as well as merchandise sales of "Dirty Gear" that is available for purchase on the website.

10. Dirty World and Richie's website allow users to post and search posts in "categories" such as cities, colleges, etc. including the Missouri cities of Kansas City, St. Louis, and the University of Missouri. Thus, the website allows users in Missouri to post derogatory and defamatory comments about other citizens of Missouri (including names and photographs) and then easily categorize the comments by specific Missouri city so that other residents of the specified Missouri cities or college may search for and view the derogatory and defamatory comments. Users may specifically search for posts regarding residents of Missouri cities. The website also allows users to submit the city where they live if it is not already a category so that

3

other users may find it by searching for that city.

11. Defendants' claim on www.thedirty.com that "The content that is published contains rumors, speculation, assumptions, opinions, and factual information. Postings may contain erroneous or inaccurate information."

12. Dirty World and Richie do not passively display third party content. In order to post information on www.thedirty.com, Dirty World and Richie provide an interface allowing the uploading of photos, entering of comments and a variety of drop down menus allowing the choice of posting under various city, college, and categorical headings before submitting the post for publication on the site. The final post to the website is a collaborative effort between Dirty World, Richie, and third parties and Dirty World and Richie maintain control and influence over content.

13. Upon information and belief, users of Dirty World post content with the knowledge that Defendant Richie will provide his own commentary to the content they provide, like a conversation, before it is packaged as a post and added to the website.

14. Information posted to www.thedirty.com is encouraged to be derogatory and defamatory. Dirty World and Richie have designed the portal to allow the posting of defamatory material, and the set up and execution of the website's function induces defamatory material to be posted.

15. Richie attaches his own personal derogatory and occasionally defamatory statements to each post submitted to the website, including posts placed in a category called "would you?" wherein users submit photos and derogatory comments about third parties asking Richie if he would have sexual intercourse with them.

16. On or about October 31, 2010 Plaintiff entered into a private relationship with an

individual whom had represented to her that he was single and the circumstances and facts of such relationship were not accessible to the public.

17. On or about January 25, 2011 Plaintiff visited www.thedirty.com and discovered Defendants had published defamatory statements posted on January 24, 2011 by someone claiming to be the individual's girlfriend about her under the heading "Nasty Church Girl," to wit:

> "Nik, I was living in Miami Beach for 4 months for work, and this nasty bitch (S.C.) who was my "friend" started fcking (sic) my boyfriend in my bed and bringing her nasty ass horse teeth around my son trying to play house. This slut claims to be a sweet little church girl. She even works for the church! Fugly slut! Is this girl worth having sex with??? I wouldn't think so! LEES SUMMIT SLUT!!"

18. Richie ratified the defamatory statement and further defamed Plaintiff by making the comment to the posting: "Her gumlines as big as her teeth, that's amazing."

19. Further, the posting contained a copyrighted photograph of Plaintiff obtained without authorization or consent from the website of her employer, whose photographer took the photo for the sole purpose of displaying it on the work website and was not legally provided to the website for use.

20. Plaintiff has been recognized and referred to as "nasty church girl" by members of the community since the time of the posting.

21. Plaintiff's friends and members of the community, including co-workers at her place of employment, have viewed and circulated the defamatory post and comments.

22. Plaintiff made repeated attempts to have the defamatory posting removed following

the procedure for post removal listed at www.thedirty.com. However, Dirty World and Richie only removed the post after receiving Plaintiff's demand letter on April 14, 2011.

23. On April 7, 2011, Plaintiff, by and through its legal counsel The O'Connor Law Firm, P.C. sent an email to Richie asserting several causes of action including defamation, invasion of privacy, infliction of emotional distress, and libel and again requesting immediate removal of the defamatory material from the website.

24. On April 14, 2011, Plaintiff, by and through its legal counsel The O'Connor Law Firm, P.C. sent a formal demand letter to Dirty World asserting several causes of action including defamation, invasion of privacy, infliction of emotional distress, and libel and again requesting immediate removal of the defamatory material from the website.

25. On or about June 6, 2011, Defendant Richie published a post on his website entitled "(S.C.) v. Dirty World: Another legal victory for the Dirty Army." Within the post Defendant Richie posted this Court's Order denying Plaintiff's motion to seal her case, a link to other court documents and stated: "So this girl named (S.C.) is suing me after I gladly removed her post. (S.C.) is from Missouri and she is a girl of God. In my opinion, (S.C.) is trying to hide the fact that she is trying to sue me from the public because she doesn't want her church to know. Well, the judge denied her request to seal the case. If you know this (S.C.) girl please fill me in because now it is game on." (Plaintiff's real name omitted). Following the post, readers of the website provided comments regarding both the Plaintiff and the situation regarding the defamatory content posted about her.

## COUNT I – DEFAMATION THROUGH LIBEL AGAINST DEFENDANTS DIRTY WORLD AND RICHIE

For Count I of her Complaint, Plaintiff states to this honorable Court as follows:

26. Plaintiff re-alleges the allegations of paragraphs 1 through 25 as if fully set forth herein.

27. The posting under the heading "Nasty Church Girl" and the comment by Richie was published by Dirty World and Richie on their website www.thedirty.com which is published for public consumption and accessible throughout the world on January 24, 2011.

28. The information contained in the posting was defamatory and highly offensive stating as fact and implying that Plaintiff was unchaste, a "slut," a home wrecker, and was "fcking (the posters) boyfriend in her bed." The words reflected negatively upon Plaintiff's integrity, character, good name and standing in the community.

29. The information published by Defendants on January 24, 2011 identified Plaintiff not only by name, but also by city of residence. Additionally, it included a copyrighted photograph of Plaintiff that was taken without consent from her employer's website.

30. The statements published by Defendants were false in that Plaintiff was not "fcking (sic)" the poster's boyfriend in her bed, is not a "slut" or unchaste, and did not have any contact with the post contributor's son in the manner indicated.

31. Defendants negligently published and commented and collaborated on the defamatory statements made against Plaintiff with reckless disregard for whether the statement was true or false.

32. As a direct and proximate result of Defendants' actions Plaintiff has suffered serious

7

damage to her reputation. Plaintiff has been recognized and addressed as "nasty church girl" while out in the community. Further, Plaintiff works as the director of communications for a United Methodist denomination church in which her good name and reputation are paramount in her position and as a representative of the church. Her employer and co-workers were made aware of the defamatory statements causing great embarrassment and severe damage to her reputation in the community and in her workplace.

WHEREFORE, Plaintiff prays this honorable Court to enter a judgment against Dirty World and Richie awarding compensatory damages in the amount of $900,000.00 plus punitive damages in an amount that will fairly and reasonably punish Dirty World and Richie for their conduct, and further ordering Dirty World and Richie to pay consequential and incidental damages, costs of suit and attorney's fees, and further equitable relief as this honorable Court deems just.

## **COUNT II – PUBLIC DISCLOSURE OF PRIVATE FACTS AGAINST DEFENDANTS DIRTY WORLD AND RICHIE**

For Count II of her Complaint, Plaintiff states to this honorable Court as follows:

33. Plaintiff re-alleges the allegations of paragraphs 1 through 32 as if fully set forth herein.
34. Defendants' website is published for public consumption and is accessible by the public throughout the country and the world.
35. Dirty World and Richie published the statements without Plaintiff's consent or authorization, and the statements were not subject to any claim of waiver or privilege.
36. The published statements concerned matters which were private to Plaintiff, and

8

Case 4:11-cv-00392-DW   Document 28   Filed 07/29/11   Page 8 of 15

involved matters in which the public had no legitimate concern.

37. The statements were published with knowledge that, or with reckless disregard as to whether they would bring shame and/or humiliation to Plaintiff.

38. As a direct and proximate result of Defendants' conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff prays this honorable Court to enter a judgment against Dirty World and Richie awarding compensatory damages in the amount of $900,000 plus punitive damages in an amount that will fairly and reasonably punish Dirty World and Richie for their conduct, and further ordering Dirty World and Richie to pay consequential and incidental damages, costs of suit and attorney's fees, and further equitable relief as this honorable Court deems just.

## **COUNT III-FALSE LIGHT INVASION OF PRIVACY AGAINST DEFENDANTS DIRTY WORLD AND RICHIE**

For Count III of her Complaint, Plaintiff states to this honorable Court as follows:

39. Plaintiff re-alleges the allegations of paragraph 1 through 38 as if fully set forth herein.

40. Dirty World and Richie collaboarated on and published the defamatory statements that Plaintiff was unchaste, a "slut," and was "fcking" the poster's boyfriend in her bed as well as Richie's comment that "her gumline is as big as her teeth" on their website, "www.thedirty.com."

41. The statements were false and thereby placed Plaintiff in a false light that was detrimental to her reputation in the community, especially as an active member and employee of the United Methodist denomination church.

42. The false light in which Plaintiff was placed would be highly offensive to a

reasonable person, in that a reasonable person would be justified in feeling seriously aggrieved and offended by the publicity.

43. The statements were publicized with knowledge or reckless disregard of their falsity, and of the false light in which Plaintiff was placed.

44. As a direct and proximate result of Defendants' conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff prays this honorable Court to enter a judgment against Dirty World and Richie awarding compensatory damages in the amount of $900,000 plus punitive damages in an amount that will fairly and reasonably punish Dirty World and Richie for their conduct, and further ordering Dirty World and Richie to pay consequential and incidental damages, costs of suit and attorney's fees, and further equitable relief as this honorable Court deems just.

## **COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS DIRTY WORLD AND RICHIE**

For Count IV of her Complaint, Plaintiff states to this honorable Court as follows:

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 above.

46. Dirty World and Richie's conduct in posting and commenting on the defamatory information on January 24, 2011was extreme and outrageous in that it went beyond all the possible bounds of decency and is utterly intolerable in a civilized community. Not only were the defamatory comments published by Dirty World and Richie, but Plaintiff's name, photo, and city of residence without her consent.

47. Dirty World and Richie conduct in publishing the defamatory comments and adding their own defamatory comments was intentional and recklessly disregarded the actual truth or veracity of said statements.

10

48. Dirty World and Richie's conduct was the cause of severe emotional distress to Plaintiff in that she was unable to sleep for weeks after discovering the defamatory statements, now suffers anxiety attacks and paranoia such that she was forced to seek therapy from a psychologist. Further, the publishing of her photo, name, and city of residence attached to the defamatory comments caused her to fear for her safety within the community.

WHEREFORE, Plaintiff prays this honorable Court to enter a judgment against Dirty World and Richie awarding compensatory damages in the amount of $900,000 plus punitive damages in an amount that will fairly and reasonably punish Dirty World and Richie for their conduct, and further ordering Dirty World and Richie to pay consequential and incidental damages, costs of suit and attorney's fees, and further equitable relief as this honorable Court deems just.

## COUNT V- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS DIRTY WORLD AND RICHIE

For Count V of her Complaint, Plaintiff states to this honorable Court as follows:

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 above.
50. Defendant Richie's conduct and statements made on his website regarding Plaintiff on June 6, 2011 was extreme and outrageous in that it went beyond all the possible bounds of decency and is utterly intolerable in a civilized community. Defendant Richie's website is visited by thousands of people on a daily basis. Defendant Richie used this Court's Order as an opportunity to solicit from his readers information, without regard to truth or veracity of said information, regarding Plaintiff to be used

11

Case 4:11-cv-00392-DW   Document 28   Filed 07/29/11   Page 11 of 15

for private spite because, in his words, "now it's game on." This conduct goes beyond mere insults or trivialities as not only is Plaintiff a private citizen with an expectation of privacy, but was also done with the knowledge of what distress Defendant Richie's previous conduct had caused Plaintiff.

51. Defendant Richie's actions were intentional in that he purposely wrote and published his comments and purposely requested his readers provide dirt on Plaintiff. Defendant's sole purpose in his conduct was to cause further emotional distress to Plaintiff as he had knowledge of the emotional distress suffered by Plaintiff by the posting of the defamatory material on Defendant's website and intentionally created a scenario that would be sure to cause emotional distress to Plaintiff.

52. Defendant Richie's intentional conduct was the cause of severe emotional distress suffered by Plaintiff in that after the posting of his request, Plaintiff suffered anxiety attacks and paranoia such that she was forced to seek professional help from a psychologist.

WHEREFORE, Plaintiff prays this honorable Court to enter a judgment against Dirty World and Richie awarding compensatory damages in the amount of $900,000 plus punitive damages in an amount that will fairly and reasonably punish Dirty World and Richie for their conduct, and further ordering Dirty World and Richie to pay consequential and incidental damages, costs of suit and attorney's fees, and further equitable relief as this honorable Court deems just.

## COUNT VI – PUBLIC DISCLOSURE OF PRIVATE FACTS AGAINST DEFENDANTS DIRTY WORLD AND RICHIE

For Count II of her Complaint, Plaintiff states to this honorable Court as follows:

53. Plaintiff re-alleges the allegations of paragraphs 1 through 52 as if fully set forth herein.

54. On June 6, 2011 Defendant Richie posted on www.thedirty.com a request for his readers to provide him with information about S.C., a private citizen, because "now it's game on," a reference to the fact that this Court denied a Motion to Seal Case Plaintiff had filed. Subsequent to the request, readers posted comments and information about Plaintiff and her situation. In this manner, Defendant once again gave publicity to Plaintiff's private life.

55. Defendant Richie did not have any waiver, privilege, or permission from Plaintiff to give publicity to her private life and her private matters.

56. The public has no legitimate concern with any aspect of Plaintiff's personal life, outside of what may be included in open court pleadings. Defendant Richie actively requested his readers seek out details about Plaintiff, publicizing aspects of her private life that were of no public concern.

57. Defendant Richie's request was done solely to bring shame or humiliation to Plaintiff, a person of ordinary sensibilities. There was no legitimate reason for Defendant Richie to make his request, and if there was a legitimate reason for him to investigate the personal life of Plaintiff, there were other, less humiliating ways to achieve that goal, such as discovery.

WHEREFORE, Plaintiff prays this honorable Court to enter a judgment against Dirty World and Richie awarding compensatory damages in the amount of $900,000 plus punitive damages in an amount that will fairly and reasonably punish Dirty World and Richie for their

13

Case 4:11-cv-00392-DW   Document 28   Filed 07/29/11   Page 13 of 15

conduct, and further ordering Dirty World and Richie to pay consequential and incidental damages, costs of suit and attorney's fees, and further equitable relief as this honorable Court deems just.

Respectfully submitted,<br>
THE O'CONNOR LAW FIRM, P.C.

By:    /s/ Matthew J. O'Connor_____
        Matthew J. O'Connor, MO#41834
        Bradly H. Bergman, MO #60497
        Mid-America Trial Lawyers
        523 Grand, Suite 1B
        Kansas City, Missouri 64106
        Telephone: (816) 842-1111
        Facsimile: (816) 842-3322
        mjoc@workingforjustice.com
        bhb@workingforjustice.com
        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2011 I a true and accurate copy of the foregoing document was served via the court's ECF system and via First Class U.S. Mail, postage prepaid to:

Darren K. Sharp
Armstrong Teasdale, LLP
2345 Grand Blvd. STE 2000
Kansas City, MO 64108

    And

David S. Gingras
Gingras Law Office, PLLC
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048

**Attorneys for Defendants**

                                                  _/s/ Matthew J. O'Connor_____
                                                          Matthew J. O'Connor