IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| S.C., | ) |
|     Plaintiff, | ) |
| v. | ) No. 11-CV-00392-DW |
| DIRTY WORLD, LLC and NIK RICHIE, | ) |
|     Defendants. | ) |

# ORDER

Pending before the Court is the Defendants' Motion to Dismiss for Failure to State a Claim (the "Motion"). See Doc. 29. The Plaintiff filed suggestions in opposition (Doc. 32), and the Defendants filed a reply brief (Doc. 33). The Plaintiff concedes that Count VI of the First Amended Complaint fails to state a claim. The Court concludes that Count V for intentional infliction of emotional distress also fails to state a claim because the conduct complained of is not "utterly intolerable in a civilized community." Consequently, and for the reasons set forth below, the Motion is GRANTED.

## I.

The facts of this case have been discussed in prior Orders and will not be repeated herein. The pending Motion moves to dismiss Counts V and VI of the Plaintiff's First Amended Complaint (the "Complaint"). See Doc. 28. Count V attempts to assert a claim for intentional infliction of emotional distress, and Count VI attempts to assert a claim for public disclosure of private facts. Through the briefing process, the Plaintiff has conceded that Count VI should be dismissed. Consequently, the only issue is whether Count V adequately states a claim upon which relief may be granted.

On June 6, 2011, and during the pendency of this case, Defendant Nik Richie ("Defendant Richie") authored a post on the Dirty World website. That post, titled "(S.C.) v. Dirty World: Another legal victory for the Dirty Army," reads as follows:

> So this girl named (S.C.) is suing me after I gladly removed her post. (S.C.) is from Missouri and she is a girl of God. In my opinion, (S.C.) is trying to hide the fact that she is trying to sue me from the public because she doesn't want her church to know. Well, the judge denied her request to seal the case. If you know this (S.C.) girl please fill me in because now it is game on.

First Amended Complaint (the "Compl.") at ¶ 25. The Plaintiff concedes that her claim for emotional distress is based "solely" on the "game on" request for information. The Complaint alleges in part that Defendant Richie solicited information about the Plaintiff "without regard to truth or veracity of said information, regarding Plaintiff to be used for private spite because, in his words, 'now it's game on.' This conduct goes beyond mere insults or trivialities . . . ." Id. at ¶ 50.

## II.

Federal Rule 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In two recent cases, the Supreme Court explained that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Co. v. Twombly, 550 U.S. 544, 570 (2007)). Under this standard, a plaintiff cannot defeat a motion to dismiss through mere "labels and conclusions" or a "formulaic recitation of the elements." Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (citations and quotations omitted). A complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. Although a plaintiff's allegations must still be accepted as true, the Court

2

is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950; see also McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009).

### III.

The tort of intentional infliction of emotional distress has a number of "essential elements." Crow v. Crawford & Co., 259 S.W.3d 104, 119 (Mo. Ct. App. 2008). Those elements are: "(1) the defendant's conduct must be outrageous or extreme; (2) the defendant must act intentionally or recklessly; (3) there must be extreme emotional distress that results in bodily harm; (4) caused by the defendant's conduct; and (5) the conduct must be intended solely to cause extreme emotional distress to the victim." Id. Importantly, "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may be reasonably regarded as so extreme and outrageous as to permit recovery." St. Anthony's Med. Ctr. v. H.S.H., 974 S.W.2d 606, 611 (Mo. Ct. App. 1998).

With respect to the first element, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. banc 1997). Here, Defendant Richie's alleged actionable conduct is asking his readers: "If you know this (S.C.) girl please fill me in because now it is game on." Defendant Richie did not request false information, rumors, or speculation about the Plaintiff. If anything, it appears he sought information from those with personal knowledge about the Plaintiff. Compl. at ¶ 25 ("If you know this 'S.C.' girl please fill me in . . . .") (emphasis supplied).

Nor is Defendant Richie's statement an insult, an indignity, or a threat. And even if it were, intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities." Viehweg v. Vic Tanny Int'l of Missouri, Inc.,

3

732 S.W.2d 212, 213 (Mo. Ct. App. 1987). Under the facts as alleged and applicable law, Defendant Richie's conduct falls far short of being "so outrageous in character . . . as to go beyond all possible bounds of decency . . . ." Gibson, 952 S.W.2d at 249.

Additionally, at least one court has rejected an emotional distress claim under similar facts. In Collins v. Purdue Univ., 703 F. Supp. 2d 862 (N.D. Ind. Mar. 24, 2010), the court stated:

> [the plaintiff] also argues that inviting readers' comments about the article and publishing them on the website constituted the outrageous conduct element necessary for the claim of intentional infliction of emotional distress. Regardless of any free speech protections and the fact that the scathing commentary was not written by [defendant], <u>publishing the article on the site and allowing readers' comments cannot be regarded as outrageous</u>. Even if the readers' comments had been outrageous, [the defendant's] actions in that regard were not outrageous and lack the requisite intent for a claim of intentional infliction of emotional distress.

Id. at 874 (emphasis supplied). For all these reasons, Defendant Richie's "game on" request for information does not constitute outrageous or extreme conduct as a matter of law. Gibson, 952 S.W.3d at 249; see also James v. Delphi Auto. Sys., 2004 WL 2307825, at * 10 (Ohio Ct. App. Oct. 14, 2004) (recognizing that "to a reasonable extent, embarrassment and humiliation are part of everyday life to which the law provides no remedy").[1]

## IV.

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 29) is GRANTED. Counts V and VI of the First Amended

---

[1] Without so holding, it appears that the Plaintiff has also not adequately pled that Defendant Richie's statement was "intended solely to cause extreme emotional distress to the" Plaintiff. Crow, 259 S.W.3d at 119. Although the Plaintiff summarily makes this allegation (Compl. at ¶ 51), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1950. As the Defendants note, every party "in litigation has an absolute right to investigate the allegations made against him, and in a case which includes allegations of defamation such as Plaintiff has presented here, the question of truth is always relevant." Doc. 33, p. 4.

4

Complaint are DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.


Date:   September 22, 2011                                    /s/ Dean Whipple
                                                      Dean Whipple
                                     United States District Judge